**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAUL BLACKSHEAR, : | **Hon. Jerome B. Simandle** |
| Plaintiff, : | Civil No. 06-0961 (JBS) |
| v. : |  |
| FED. BUREAU OF PRISONS, et al., : | **O P I N I O N** |
| Defendant. : |  |

**APPEARANCES:**

    PAUL BLACKSHEAR, #41008-066
    F.C.I. Fairton, PO Box 420
    Fairton, New Jersey  08320
    Plaintiff Pro Se

**SIMANDLE, District Judge:**

    Paul Blackshear, Harry Nuckols and Wilfredo Rosa, inmates confined at the Federal Correctional Institution at Fairton, New Jersey ("FCI Fairton"), seek to file a Complaint without prepayment of filing fees.  In response to the Court's Order notifying Plaintiffs that the Complaint could not be filed unless the filing fee was prepaid or each plaintiff applied for, and was granted, in forma pauperis status pursuant to 28 U.S.C. § 1915, Plaintiff Paul Blackshear thereafter applied for in forma pauperis status by submitting an affidavit of poverty and prison

account statement.[1] This Court will grant Paul Blackshear's application to proceed in forma pauperis and will direct the Clerk to file the Complaint on his behalf, and will deny in forma pauperis status to Harry Nuckols and Wilfredo Rosa. Having screened the Complaint for dismissal, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff Paul Blackshear asserts that officials of the Federal Bureau of Prisons ("BOP") determined that he is not eligible for a furlough or for early release for successful completion of a residential drug abuse treatment program because he was convicted of an offense involving a gun. Plaintiff alleges that the BOP's decision is inconsistent with congressional intent and federal regulations because his gun offenses were of a non-violent nature. Plaintiff seeks a declaratory judgment that his conviction is not a crime of violence which makes him ineligible for furlough and early release, and injunctive relief.

This Court takes judicial notice of the docket of the United States District Court for the Eastern District of Pennsylvania in the criminal proceeding entitled United States v. Blackshear,

---

[1] Plaintiffs Harry Nuckols and Wilfredo Rosa did not respond.

Crim. No. 03-0045 (JP) (E.D. Pa. filed Jan. 23, 2003). The docket in that case shows that on June 23, 2003, Paul Blackshear entered a plea of guilty, pursuant to a plea agreement, to three counts: manufacture, distribution, or, possession with intent to manufacture, distribute, or dispense, a controlled substance, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); possession of firearms by a convicted felon, contrary to 18 U.S.C. § 922(g)(1); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On October 9, 2003, United States District Judge John R. Padova sentenced Plaintiff to a 72-month term of imprisonment. The Bureau of Prisons projects Petitioner's release date as December 27, 2007. See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=41008-066&x=40&y=16.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua

sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

The Administrative Procedure Act requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §

706(2)(A).[2]  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious. C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996); see also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' ...."), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).  "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins., 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted); accord Bowman Transp., Inc. v. Arkansas-Best Freight System, 419 U.S. 281, 285 (1974).

"The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416.  Reversal of agency action is required "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before

---

[2] See Lopez, 531 U.S. at 240 (BOP may categorically exclude inmates from eligibility for early release, subject to its obligation to interpret statute in manner that is not arbitrary and capricious, see 5 U.S.C. § 706(2)(A)).

5

[it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

Congress has provided, in 18 U.S.C. § 3621(e)(2)(B), that the BOP may reduce by up to one year the prison term of an inmate convicted of "a nonviolent offense," if the prisoner successfully completes a residential drug abuse treatment program. The statute provides:

> (2) Incentive for prisoners' successful completion of treatment program.--
>
> **(A) Generally.**--Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.
>
> **(B) Period of custody.**--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C.A. § 3621(e)(2).

In 1997, the BOP promulgated a regulation implementing § 3621(e)(2)(B). See 62 Fed. Reg. 53690-53691. Relying on the "discretion allotted to the Director of the Bureau of Prisons in

granting a sentence reduction to exclude [enumerated categories of] inmates," id. at 53690, the regulation excludes from early release eligibility an offender who possessed a firearm in connection with his or her offense. It provides:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> . . . . .
>
> (vi) Inmates whose current offense is a felony . . . [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon . . .

28 C.F.R. § 550.58(a)(1)(vi)(B) (2000).

Plaintiff challenges his ineligibility for early release and furlough, arguing that the exclusion of inmates convicted of non-violent gun offenses from early release is inconsistent with congressional intent. However, the Supreme Court rejected this argument in Lopez v. Davis, 531 U.S. 230 (2001). In Lopez, the BOP found that Lopez was categorically ineligible for early release because Lopez possessed a firearm in connection with his offense for possession with intent to distribute methamphetamine. The Supreme Court rejected the argument that, because 18 U.S.C. § 3621(e)(2)(B) identifies a class of inmates ineligible for early release, i.e., inmates convicted of violent offenses, Congress barred the BOP from identifying further categories of ineligible

7

inmates. Lopez, 531 U.S. at 239-244. The Court explained its rationale:

> Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so. In this familiar situation, where Congress has enacted a law that does not answer the precise question at issue, all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap in a way that is reasonable in light of the legislature's revealed design . . . We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citations and internal quotation marks omitted).

The Lopez Court rejected the inmate's challenge, finding that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id. at 244.

In this case, Blackshear was convicted of two weapons offenses, in addition to the drug crime. In light of Lopez, this Court finds that the BOP did not violate federal law by determining that Blackshear is not eligible for early release or

8

furlough, and will dismiss the Complaint for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

The Court grants in forma pauperis status to Paul Blackshear, denies in forma pauperis status to Harry Nuckols and Wilfredo Rosa, and dismisses the Complaint for failure to state a claim upon which relief may be granted.

_____
JEROME B. SIMANDLE, U.S.D.J.

DATED: August 16, 2006, 2006